## Lingg & Bro. *versus* Blummer.

Where a note is placed in the hands of a note-broker for discount his omission to pay over the proceeds to the maker, cannot affect the validity of the note, in the hands of the holder, and in a suit by the latter on the note, such a defence will not avail unless there is a distinct averment that the plaintiff is not a holder for value.

January 31st 1879.    Before MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.    SHARSWOOD, C. J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of July Term 1878, No. 100.

Assumpsit by Charles E. Blummer against Lingg & Bro., on a promissory note drawn to the order of Joseph F. Stokes, and by him endorsed. One of the defendants filed an affidavit of defence which averred that the note in suit was given by defendants to Elliott, a note-broker, with instructions to sell the same and pay over the proceeds to defendants; that at the time Elliott received

[Lingg & Bro. *v.* Blummer.]

said note Stokes endorsed it for defendant's accommodation ; that Elliott alleged said Stokes was indebted to him, and assumed to hold said note for such indebtedness, and refused to return the same or pay over the proceeds thereof; that defendants never assumed said alleged indebtedness of Stokes to Elliott, and are in no way liable therefor. The affidavit further averred " that deponent is informed and believes that plaintiff is not the owner of said note ; that plaintiff has informed said Stokes that he did not buy said note with his money, and deponent is informed and believes that suit is brought by plaintiff in his name to prevent defendant from defeating the payment of said note in the hands of said Elliott. All of which he expects to be able to prove at the trial of the cause." The court entered judgment for want of a sufficient affidavit of defence, when defendants took this writ and assigned this action for error.

*J. M. Moyer*, for plaintiffs in error.—The affidavit contained a sufficient averment of an ability to prove the facts set forth : Thompson *v.* Clark, 6 P. F. Smith 33 ; Reznor *v.* Supplee, 31 Id. 180 ; Black *v.* Halstead, 3 Wright 64.

*Henry M. Dechert*, for defendant in error.—All the averments must be construed most favorably for the plaintiff: Black *v.* Halstead, *supra*.

The plaintiff was certainly entitled to judgment if he bought the note with money belonging to some other person. The affiant has not stated that the note was either obtained by the plaintiff after maturity or without paying a consideration, or that the plaintiff had notice of the equities existing between the endorser and the maker. The extent of the averment is, that he is informed and believes that the suit is brought in the plaintiff's name to prevent the defendants from defeating payment in the hands of Elliott. All this might be true, and the plaintiff would still be entitled to recover. There is no direct assertion or necessary implication in this language, that the plaintiff is the trustee of Elliott or that defendants are prevented from making any valid defence.

Mr. Justice MERCUR delivered the opinion of the court February 10th 1879.

This suit was by the endorsee against the makers of a promissory note. Judgment was taken for want of a sufficient affidavit of defence. This is assigned for error. The affidavit avers the note was delivered to a note-broker, with instructions to sell the same and pay over the proceeds thereof to the makers; but after he received it he assumed to hold it under a claim of right and refused to return it or pay over the proceeds to the makers. The strongest averment tending to impeach the note in the hands of the plaintiff below is that the deponent is informed and believes the plain-

tiff is not the owner of the note, and that he informed the endorser, that he did not buy the same with his money; and " deponent is informed and believes the suit is brought by said plaintiff in his name to prevent deponent from defeating the payment of the note in the hands of the note-broker."

Thus the averments do not support the inferences. The former substantially declare the defendant in error did buy the note, and did pay money therefor, yet at some time he declared the money was not his own. Whether he paid his own, or the money of some third person, is unimportant to the makers of the note. It does not affect their equities. This averment is a concession that the note-broker had sold the note, and had received the money therefor. That was the purpose for which it was placed in his hands. His omission to pay over the proceeds to the makers could not affect the validity of the note in the hands of the purchaser. There is no averment of any fact which shows bad faith either in the person whose money paid for the note, or in the defendant in error. Neither one is charged with knowledge affecting the good faith of the purchase. The inference is that from information and belief of the deponent, the suit was brought in the name of the defendant in error to prevent a defence that might have been made to a suit in the name of the note-broker. If, however, as previously averred, the note had been purchased of the note-broker, all this alleged information and belief constituted no defence against a recovery in the hands of a good faith purchaser. Whether the defendant in error sued in his own right or as a trustee for another whose money paid for the note is a matter in which the makers have no concern. They aver no equities and no defence against any one interested in the purchase or payment. The court committed no error in ordering judgment to be entered.        Judgment affirmed.