### LOEB v. WEIL et al.

(Circuit Court of Appeals, Third Circuit. November 25, 1913.)

#### No. 1,751.

1. BILLS AND NOTES (§ 443*)—HOLDER AS AGENT OR TRUSTEE—RIGHT TO SUE.
  A holder of indorsed negotiable paper may maintain a suit thereon against the maker, though he is acting as agent or trustee for others.
  [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1377–1380, 1383–1392, 1394–1423; Dec. Dig. § 443.*]

2. BILLS AND NOTES (§ 473*)—DEFENSES—ESTOPPEL.
  In a suit on a note, defendant filed an affidavit of defense, alleging that F., one of plaintiffs' firm, served as a member of a committee and as a director of a corporation formed to adjust defendant's debts with his creditors; that a settlement at 40 per cent. was effected with defendant's other creditors, but not with plaintiffs; that the amount required to make such payment was paid to the adjusting corporation; and that F., as a member thereof, accepted the settlement in satisfaction of all claims,

leaving open and unsettled the claim based on the note sued on. *Held*, that such affidavit did not charge that F. did or omitted to do any act whereby any other creditor of defendant, or defendant himself, was misled or wronged, but only that he refused to compound his firm's claim, and did not create an estoppel.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1503–1507, 1555; Dec. Dig. § 473.*]

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

Action by Charles Weil and others, trading as Weil, Farrell & Co., against Leopold Loeb, trading as Leopold Loeb & Co. Judgment for plaintiffs, and defendant brings error. Affirmed.

Julius C. Levi, of Philadelphia, Pa., for plaintiff in error.

Duane, Morris & Heckscher, of Philadelphia, Pa., for defendants in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, the plaintiffs, J. Walter Farrell and others, trading as Weil-Farrell & Co., citizens of Massachusetts, sued Leopold Loeb, a citizen of Pennsylvania, trading as Leopold Loeb & Co., to recover on a six-month negotiable note made by defendant to the order of the Loeb-Nunez Havana Company, and by the latter indorsed in blank. The defendant filed an affidavit of defense, which the court held insufficient and granted the plaintiffs' motion for judgment. On entry there of judgment defendant sued out this writ.

[1] The case falls within a narrow compass. The question involved is: In a suit by holders against the maker of a negotiable note, indorsed by the payee in blank and delivered to plaintiffs before maturity, is an affidavit of defense which denies plaintiffs have title to the note, alleges real ownership by another, and which, while alleging a defense, sets forth no facts which constitute a defense against plaintiffs, or the alleged real owner, sufficient to prevent judgment? The right of a holder of indorsed negotiable paper to bring suit thereon against the maker, and this even though he is agent or trustee for others, is clear. Ward v. Tyler, 52 Pa. 393; Lingg v. Blummer, 88 Pa. 518; Brown v. Clark, 14 Pa. 469, and cases cited; 8 Cyc. 61.

[2] As to the defense set up against the plaintiffs, the summary of the several affidavits is that one of the plaintiffs' firm served as a member of a committee and as a director of a corporation formed to adjust defendant's debts with his creditors; that thereby a settlement at 40 per cent. was effected with defendant's other creditors, but not with the plaintiffs; that said sum of 40 per cent. for the payment of all defendant's debts was paid to said adjusting corporation; and that—

"said J. Walter Farrell, as a member of the protective committee and board of directors of the H. N. Gill Company, accepted the settlement of 40 per cent. * * * in satisfaction of all such claims, leaving open and unsettled the claim based upon the note in suit."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

209 F.—39

We see no elements of estoppel in these allegations. It is not alleged that Farrell did or omitted to do any act whereby any other creditor of the defendant, or the defendant himself, was either misled or wronged. He simply refused to compound his firm's claim, and stood on their rights. He has in no way estopped his firm from enforcing their claim, and the judgment below is therefore affirmed.